UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 09-220 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| ROGER JOSEPH FONTENETTE | MAGISTRATE JUDGE HILL |

### MEMORANDUM ORDER

After a jury trial, Defendant Roger Fontenette was found guilty of the offenses charged in Counts One and Two of the Indictment and acquitted of Count Three. In Count One, Fontenette was charged with distribution of a mixture or substance containing a detectable quantity of cocaine. In Count Two he was charged with possession with intent to distribute a mixture or substance containing a detectable quantity of cocaine. In Count Three, of which he was acquitted, Fontenette was charged with possession with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine.

Pending before the Court is a motion for new trial by Fontenette. [Record Document 95].  Fontenette argues that the admission of testimony from government agents regarding statements from an informant who participated in the investigation of the drug transactions underlying Counts Two and Three violated his constitutional right to be confronted by the witnesses against him.  Fontenette also argues that the jury was irreparably tainted by Agent Kane Marceaux's inadmissible testimony that

Fontenette was a multi-kilo drug dealer and that a digital scale admitted into evidence was coated in cocaine residue.  Fontenette seeks to convince the Court that these evidentiary misdeeds by the government witnesses are so egregious that the interests of justice require retrial.  For the reasons given below, the Court is not persuaded that the interests of justice would be served by retrying the Defendant and therefore **DENIES** Defendant's Motion for New Trial.  [Record Document 95].[1]

## I.  Applicable Law

Federal Rule of Criminal Procedure 33 empowers this Court to "vacate any judgment and grant a new trial if the interest of justice so requires." When the basis for a motion for new trial is the prejudicial effect of inadmissible evidence, a new trial is required only when there is a significant possibility that the prejudicial evidence had a substantial impact upon the jury verdict in light of the entire record. United States v. Barraza, 655 F.3d 375, 381 (5th Cir. 2011).  A prejudicial remark may be rendered harmless by curative instructions to the jury.  Id.

While the Confrontation Clause bars the admission of testimonial hearsay, it does not bar testimonial statements offered for purposes other than establishing the truth of the matter asserted.  Crawford v. Washington, 541 U.S. 36, 59 n.9 (2004).  Testimony describing an investigation's background that goes only to show how police investigated a crime is not offered for the truth of the matter asserted and is thus not hearsay.

---

[1] Defendant does not cite to the trial transcript in his motion, and it appears that Defense Counsel has not requested a trial transcript.  Accordingly, the Court does not cite to the trial transcript.

United States v. Dunigan, 555 F.3d 501, 507 (5th Cir. 2009). Officers cannot, however, refer in their trial testimony to the substance of statements given to them by nontestifying witnesses when those statements inculpate the defendant. Taylor v. Cain, 545 F.3d 327, 335 (5th Cir. 2008) (detective's testimony that a nontestifying witness identified the defendant as "the perpetrator" violated Confrontation Clause).

## II.  Analysis

In connection with Count One, a government agent testified that after speaking with a non-testifying informant he instructed the informant to set up a controlled drug buy.  There was further testimony that at the controlled buy, a government agent hid in the back seat of the informant's car. From this vantage point, the agent identified Fontenette from his personal observation as the seller of the drugs. Thus, the only testimony which identified Fontenette as the seller of the drugs was the first person identification by the government agent.

Fontenette argues that the only possible relevance of the agent's testimony that a controlled buy was set up after speaking with the non-testifying informant was to insinuate that the informant identified Fontenette as the drug dealer and that the government knew that Fontenette was a serious drug dealer. The government argues that the testimony was only offered to explain how the police came to be present at the drug transaction and not for the truth of the matter asserted.

It is important first to note that the Court excluded all testimony concerning statements by confidential informants that identified the defendant.  [Record Document

82]. The officer here did not testify that the informant identified Fontenette as the seller, but only that after speaking with the informant, a controlled buy was set up. When this testimony was offered at trial, the Court ruled that it was only admitted to explain how the police arrived at the drug deal and not for the truth of the matter asserted. The Court therefore found that the testimony did not violate the Confrontation Clause. Fontenette now asks the Court to reconsider this evidentiary ruling. Presented with no new argument, the Court will not depart from its previous reasoning. The statements of the informant mentioned by the agent on the stand did not inculpate Fontenette as the seller; they merely served to provide a piece of the necessary back story so the jury could understand how the agent came to find himself hiding in the back seat of a car during the drug deal. Apparently, the agents were planning to record the controlled buy, but when a technical malfunction derailed this plan they had to improvise. Their solution was to place an agent in the back seat of the informant's car. The Court instructed the jury that the testimony relating to the informant was not offered for the truth of the matter asserted, but was only offered to explain the presence of the agent in the backseat. This instruction cured any lingering prejudice caused by the testimony.

  Even assuming for the sake of argument that the admission of the informant's statement was error and the Court's jury instruction did not cure the error, the Court is still not convinced that there is a significant risk that the testimony of the informant had a substantial impact on the jury verdict. The primary evidence linking Fontenette to the

drugs in Count One was the testimony of the officer who hid in the back seat and who identified Fontenette as the seller of the drugs. The officer was credible, and it was his testimony, rather than the informant who set up the controlled buy, that inculpated Fontenette.  Thus, the Court is not convinced that the outcome would have been any different if Fontenette were able to cross-examine the informant.

Fontenette makes a similar argument with respect to Count Two. During a traffic stop of Fontenette's vehicle, a significant amount of cocaine was found on the person of Fontenette's nine-year-old nephew, who was also riding in the vehicle.  At trial, an agent testified that after speaking to an informant, he targeted a certain truck.  A police officer stopped the truck, and Fontenette, his nephew, and the cocaine were found. There was no other adult in the truck. Fontenette argues that the testimony that government agents targeted a certain truck after speaking with an informant violated his rights under the Confrontation Clause. The Government argues that this testimony was necessary to explain the course of the investigation.

Once again, it is important to remember that the Court excluded all statements by informants that identified Fontenette as the drug dealer, and no such statements were admitted into evidence. Fontenette's argument appears to be then that the jury could have concluded that Fontenette was a serious drug dealer from: 1) an inference that the informant knew that the truck in question was Fontenette's; and 2) the notion that if the informant and the police were both focused on Fontenette's truck, then Fontenette must have done something to merit their attention. The Court ruled at trial

that the testimony concerning the informant merely served to explain the course of the investigation and did not inculpate Fontenette. As shown below, the jury clearly was able to follow the Court's instructions.

Furthermore, assuming for the sake of argument that the admission of the informant's statement was error and the instruction did not cure the error, the Court is not convinced that there is a significant probability that the testimony of the informant had a substantial impact on the jury's verdict. Defendant argues that the information that the truck was connected to criminal activity was the only piece of evidence "implicat[ing] the defendant as the dealer of the drugs found on his nephew that day." [Record Document 95-1, p.8]. However, this assertion is incorrect.  The amount of the drugs found on the Defendant's nine-year-old nephew and the Defendant's statements to the police after his arrest are sufficient to support the jury's finding that the defendant possessed the drugs and did so with the intent to distribute them. When asked by the police at the scene if the drugs were his, Fontenette replied, "You know, I get my thing on."

The Defendant also argues that inadmissible testimony by Agent Kane Marceaux tainted the jury to such an extent that a new trial is required. The Defendant represents that Agent Marceaux testified, against an order of the Court, to the substance of statements made by a non-testifying informant.  Furthermore, the Defendant also claims that Agent Marceaux testified that Fontenette and his suppliers were multi-kilo distributors and that a scale offered into evidence had residue of cocaine on it. The

Court struck all inadmissible testimony from Agent Marceaux from the record and with the strongest possible language instructed the jury to disregard any inadmissible testimony. Fontenette maintains, however, that Agent Marceaux's testimony had already tainted the jury to such an extent that an instruction was not enough to eliminate the harm.

The Court is not persuaded that there is a significant risk that Agent Marceaux's inadmissible statements had a substantial impact on the jury's verdict. The statements were related to activity covered by Count Three, the only count on which Fontenette was acquitted. The scale was recovered from a stash house where the government alleged the cocaine charge in Count Three was found. If, as contended by Fontenette, the jury inferred from Marceaux's statements that Fontenette was a multi-kilo drug dealer, they were still able to determine that the government had not met its burden of proving that Fontenette was guilty beyond a reasonable doubt of possessing with intent to distribute the multiple kilograms of drugs charged in Count Three. The jury's considered verdict—guilty on the first two counts, but acquitted on the last—shows that they were able to sift through the admissible evidence, follow the Court's instructions to disregard inadmissible testimony, and determine whether or not the Government had met its burden of proof. As shown above, excluding any evidence called into question by the instant motion, there was substantial evidence supporting the jury's guilty verdict on Counts One and Two. The same cannot be said with respect to Count Three. Therefore, by all indications the Court's curative instruction was heeded by the jury. In

any case, given the substantial evidence supporting the jury's verdict in Counts One and Two, the Court is not convinced that there is a significant probability that the inadmissible testimony of Agent Marceaux affected the verdict.

## III. Conclusion

Fontenette has failed to persuade the Court that the interests of justice require a new trial. Accordingly,

**IT IS ORDERED** that Defendant's Motion for New Trial [Record Document 95] be and is hereby **DENIED**.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE